IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01080-RBJ-BNB

KENNETH MCGILL; and
JENNIFER MCCRACKEN;

Plaintiffs,

v.

CORRECTIONAL HEALTHCARE COMPANIES, INC. d/b/a CORRECTIONAL
HEALTHCARE MANAGEMENT, INC.;
CORRECTIONAL HEALTHCARE PHYSICIANS, P.C.;
CHC COMPANIES, INC.;
BOARD OF COUNTY COMMISSIONERS FOR JEFFERSON COUNTY COLORADO;
TED MINK, in his official capacity as Jefferson County Sheriff only;
JAMES BRILL, individually, and
GINA BATTENHOUSE, individually,

Defendants.
_____

**ORDER**
_____

This matter is before me on the following motions:

1. **Defendants' Correctional Healthcare Companies, Inc., Correctional Healthcare Physicians, P.C., CHC Companies, Inc., James Brill, and Gina Battenhouse, F.R.C.P. 12(b)(6) Motion to Dismiss Plaintiffs' First Claim for Relief** [Doc. #12, filed 06/13/2013];

2. **Jefferson County Board of County Commissioners' and Jefferson County Sheriff Ted Mink's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)** [Doc. #8, filed 06/13/2013]; and

3. **Jefferson County Board of County Commissioners' and Jefferson County Sheriff Ted Mink's Motion to Strike Plaintiffs' Supplement in Support of Response** [Doc.

#30, filed 09/10/2013].

This action is brought by Kenneth McGill and his wife, Jennifer McCracken. Their claims arise out of events that took place while Mr. McGill was serving a sentence at the Jefferson County Detention Facility. The plaintiffs filed their Civil Rights Complaint on April 23, 2013 [Doc. #1] (the "Complaint"). The plaintiffs assert claims for violations of the Eighth Amendment and the Due Process Clause, negligence, and loss of consortium. They seek to amend their Complaint to add additional facts regarding their constitutional claims against the entity defendants. *Plaintiffs' Response to Jefferson County Board of County Commissioners' and Jefferson County Sheriff Ted Mink's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*, p. 3, n.3; p. 13.

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court and that leave shall be given freely when justice so requires.[1] Fed. R. Civ. P. 15(a)(2). A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

It does not appear that the proposed amendment is the result of any undue delay, bad faith, or dilatory motive on the part of the plaintiffs, or repeated failures to cure deficiencies by amendments previously allowed. Nor does it appear that the amendment is futile or that it will result in any undue prejudice to the opposing parties. Foman v. Davis, 371 U.S. 178, 182 (1962). Accordingly,

---

[1] The plaintiffs do not meet the requirements to amend as a matter of course. Fed. R. Civ. P. 15(a)(1)(B); ECF Documents 8 and 19.

IT IS ORDERED:

1. The plaintiffs' request to amend the Complaint is GRANTED. The plaintiffs shall submit their Amended Complaint on or before **January 6, 2014**;

2. Defendants' Correctional Healthcare Companies, Inc., Correctional Healthcare Physicians, P.C., CHC Companies, Inc., James Brill, and Gina Battenhouse, F.R.C.P. 12(b)(6) Motion to Dismiss Plaintiffs' First Claim for Relief [Doc. #12] is DENIED WITHOUT PREJUDICE;

3. Jefferson County Board of County Commissioners' and Jefferson County Sheriff Ted Mink's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #8,] is DENIED WITHOUT PREJUDICE; and

4. Jefferson County Board of County Commissioners' and Jefferson County Sheriff Ted Mink's Motion to Strike Plaintiffs' Supplement in Support of Response [Doc. #30] is DENIED AS MOOT.

Dated December 20, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge